IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SIDNEY PATRICK YOUNG                    :                    CIVIL ACTION
                                        :
v.                                      :                    No. 07-5548
                                        :
JOSEPH J. PIAZZA, et al.                :    MICHAEL E. KUNZ, Clerk
                                             By:_____Dep. Clerk

## MEMORANDUM AND ORDER

Juan R. Sánchez, J.,                                    February 19, 2009

Petitioner Sidney Patrick Young objects to Magistrate Judge Timothy R. Rice's Report and Recommendation recommending dismissal of Young's petition for a writ of habeas corpus, under 28 U.S.C. § 2254, in which Young alleges a violation of his Fourth Amendment rights, ineffective assistance of counsel, and insufficient evidence to sustain the verdict against him. After a careful and independent review of Young's petition pursuant to 28 U.S.C. § 636, this Court will dismiss Young's petition.

**FACTS**

Young was arrested on September 29, 2000, after police searched an apartment on the second and third floors of 454 North Charlotte Street, Pottstown, Pennsylvania, pursuant to a search warrant. After the police announced their presence, a man inside the apartment fled through the rear door. The escapee was later identified as Young. Six other individuals were found in the apartment.

The police recovered cocaine, drug paraphernalia, small glassine bags, a scale, cellular phones, guns, and a large amount of cash. Police also found a safe in the apartment which contained bags of cocaine and drug paraphernalia. A key, attached to a key chain, was in the lock of the safe. At trial, one witness testified the key belonged to Young. There were 17 other

1

keys on the key chain. One of these keys fit a lock for the third floor room, and another key fit the door and ignition of an automobile registered to Young.

Young was charged in the Montgomery County Court of Common Pleas with possession of cocaine, possession with intent to deliver cocaine, possession of drug paraphernalia, and two counts of criminal conspiracy. After a two-day trial, a jury convicted Young on all counts on April 19, 2002.

On July 31, 2002, Young was sentenced to seven-to-15 years imprisonment on the possession with intent to deliver charge, a consecutive six-to-15 years imprisonment on the conspiracy charge, and a concurrent six-months-to-one-year imprisonment on the paraphernalia charge. This sentence was concurrent to a sentence for a previous possession of cocaine conviction. The Pennsylvania Superior Court affirmed Young's conviction on September 19, 2003. The Pennsylvania Supreme Court denied Young's petition for allowance of appeal on October 17, 2003.

On March 3, 2004, Young filed a timely *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541 *et seq.* Appointed counsel subsequently filed a "no-merit" letter and petition to withdraw as counsel. The court issued notice of its intent to dismiss the petition without a hearing and granted counsel's motion to withdraw. Young was granted leave to file an amended petition. On April 22, 2005, the PCRA court dismissed Young's amended petition.

On appeal, the Pennsylvania Superior Court remanded the case for appointment of new counsel to address the legality of Young's conspiracy sentence. After new counsel was appointed, the Superior Court partially vacated Young's sentence and remanded for re-sentencing on the conspiracy conviction. The Superior Court affirmed the judgment as to all

2

other issues. Young was resentenced on the conspiracy conviction on June 18, 2007, to four-to-10 years imprisonment for the conspiracy charge, consecutive to seven-to-20 years on the possession with intent to deliver charge.

On December 31, 2007, Young filed a timely *pro se* petition for a writ of habeas corpus in this Court. Young alleged his conviction was obtained by use of evidence gained from an unconstitutional search and seizure, counsel was ineffective during various stages of the litigation, and insufficient evidence supported the jury's verdict. U.S. Magistrate Judge Timothy R. Rice recommended Young's first claim be denied as non-cognizable, his second, third, and fourth claims be denied as procedurally defaulted, and his fifth, sixth, seventh, and eighth claims be denied as meritless.

**DISCUSSION**

Young objects to Magistrate Judge Rice's recommendation.[1] This Court must review the record *de novo* for Young's objections to the Magistrate Judge's recommendations. *See* 28 U.S.C. § 636. This Court may grant a petition for habeas corpus only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

---

[1]This court is mindful that Petitioner is a *pro se* litigant, and will construe Petitioner's submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Young first objects to the procedural history portion of the Magistrate Judge's report, arguing the report omits his sentence of one-year probation for possession with intent to deliver. This argument is without merit because Young was re-sentenced on June 18, 2007, to a term of seven-to-20 years, not probation, on the possession with intent to deliver charge.

Young next objects to the factual statement in the Magistrate Judge's report that he was found fleeing out of the back door on the night the search warrant was executed.  After reviewing the trial transcript, this Court finds the objection meritless because Matthew Grier, a resident of 454 North Charlotte Street, who was arrested the night of September 29, 2000, as well as Brian Robinson, who was in the apartment when the search warrant was executed, both testified that Young was in the apartment and fled down the back steps when the police yelled into the apartment. After Grier was arrested, he picked Young out of a photo lineup.  The record shows Young's second objection is without merit.

Young also objects to the following statement in the Magistrate Judge's report: "Burnett and Grier testified Young and William Ganns rented an apartment for the purpose of selling drugs."  This statement is supported by the record.  Ganns testified he and Young rented the apartment for the purpose of running their drug-selling operation.  Burnett testified Young paid Burnett in drugs so Young could stay in the apartment.  Grier also testified he received drugs from Young for rent.  Thus, Young's third objection is without merit.

Young next objects to the Magistrate Judge's finding Young's Fourth Amendment claim is not a cognizable habeas claim.  Young argues the warrant used to search his apartment was not supported by probable cause because the affidavit did not show how the affiant was reliable and because the search warrant should have extended only to the second floor of the building, and

4

not the third floor apartment.  He further argues the state trial court improperly applied federal constitutional law, and therefore he was denied his opportunity for fair state court litigation.

When the state has provided "an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976).  However, a state's "failure to give a colorable application of the correct Fourth Amendment constitutional standard might amount to a denial of an opportunity for a full and fair litigation." *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 1988).

Young had a full and fair opportunity to litigate this issue in state court.  Prior to trial, Young moved to suppress the evidence found as a result of the search warrant.  After hearing argument, the trial court denied Young's suppression motion. *Commonwealth v. Young*, No. 2862-01 (Ct. Com. Pl. Dec. 13, 2001).  The court found the affidavit of probable cause contained sufficient facts to determine that probable cause existed.  The court's evaluation of whether the warrant was supported by probable cause was based on the totality of the circumstances test adopted by the Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 237-39 (1983).  The trial court thus applied the proper constitutional standard in its determination the warrant was supported by probable cause.

The court also applied this test correctly.  The search warrant stated "the specific apartment to be searched is the second floor."  The third floor room was part of the second floor bi-level apartment.  The search warrant itself, describing the second floor apartment, stated, "the second floor apartment also has a small room on the third floor."  The warrant was sufficiently

specific.  The Magistrate Judge correctly determined this is not a cognizable habeas claim.

Young also raises six ineffective assistance of counsel claims.  He claims counsel was ineffective for failing to appeal Young's revised conspiracy sentence; failing to object to the introduction of inadmissible evidence; failing to raise ineffectiveness of prior counsel; failing to call a witness at trial; failing to raise the illegality of the possession with intent to deliver sentence; and failing to challenge effectiveness of trial counsel.  The first three claims are procedurally defaulted;[2] and the final three claims are without merit.[3]

Young failed to exhaust state court remedies for his first three ineffectiveness claims. This court may not grant habeas relief to a state prisoner unless all available state court remedies have been exhausted.  28 U.S.C. § 2254(b).  The exhaustion principle requires the state prisoner to complete "the State's established appellate review process" to "give the state courts one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerkel*, 526 U.S. 838, 845 (1999); *see also Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007).  Young failed to present his first three ineffectiveness claims in state court.  His failure to do so denied the state court the opportunity to review and correct any one of the three alleged Sixth Amendment violations.

The procedural default rule prevents this Court from hearing Young's claims "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  A federal court may dismiss a petition as procedurally barred if state law would unambiguously deem it defaulted.

---

[2] In Young's petition, these claims are listed as his second, third, and fourth claims.  Pet. 8-13.

[3] In Young's petition, these claims are listed as his first, second and third claims.  Pet 14-16.

The rule prevents federal courts from reviewing Young's claims if such claims would be defaulted on independent and adequate state law grounds. *Coleman*, 501 U.S. at 729.

Young's first three ineffectiveness claims are procedurally defaulted because he failed to exhaust state remedies by raising the claims on direct appeal or in a PCRA petition. Young's first ineffectiveness claim relates to counsel's failure to appeal his revised conspiracy sentence from June 18, 2007. No further appeals were submitted after Young received this reduced sentence on the conspiracy charge. His second ineffectiveness claim relates to the introduction of inadmissible evidence at trial. Young's third ineffectiveness claim relates to counsel's failure to raise ineffectiveness of prior counsel. Young does not specify in his petition whether he is referring to PCRA or direct appellate counsel. He argues, "Young raised a layered claim of ineffectiveness at the State level of appeal." Petition at 13.

Young may obtain federal habeas review of procedurally defaulted claims only if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Cause is shown when "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Construing Young's petition liberally, Young states cause for the default exists because counsel "abandoned him," denying him effective assistance of counsel as to appeal of his revised sentence. *Royce*, 151 F.3d at 118. No constitutional right to counsel to appeal his revised sentence existed, however, because Young's right to counsel only extended to the "first appeal of right." *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, Young fails to show

7

cause for the default.[4]

Failure to establish cause for the procedurally defaulted claims is sufficient to bar consideration of these claims. Young also fails to show both actual prejudice and a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To prove actual prejudice, Young must establish the alleged failure to appeal his revised sentence "worked to his actual and substantial disadvantage in his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). The failure of counsel to appeal a revised sentence does not meet this burden. Finally, Young has not demonstrated how a failure to consider the claims will result in a fundamental miscarriage of justice. To prove a fundamental miscarriage of justice, Young must demonstrate "actual innocence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Upon review of the full record and Young's Petition, Young presents no new evidence to support an assertion of actual innocence.

Young's final three ineffective assistance of counsel claims are without merit. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a three- prong test to analyze ineffective assistance of counsel claims. Young must prove first, counsel's performance was deficient; second, there was no reasonable basis for the performance; and third, the deficiency prejudiced the defendant. *Id.* at 687. In other words, Young must show counsel made errors "so serious he was not functioning as the counsel guaranteed by the Sixth Amendment" and the errors made "were so serious as to deprive the defendant of a fair trial."

---

[4] Young also states incarceration, and the associated difficulties of filing a *pro se* appeal while living in prison, prevented him from filing a timely *pro se* appeal of his revised sentence. Young asserts he has restricted access to the jail library's resources and must request specific books. This is insufficient to show cause. *See Reed v. Carroll*, No. 04-326, 2005 WL 2086745, at *9 (D. Del. Aug. 26, 2005) (finding inmates are not entitled to unrestricted access to a law library or legal assistance).

*Id.* The third prong of *Strickland* requires there be a reasonable probability a different result would have occurred in the absence of counsel's errors. *Id.* at 694; *see also Lewis v. Mazurkiewicz*, 915 F.2d 106, 115 (3d Cir. 1990). The test set forth in *Strickland* is clearly established federal law, and thus Young would be entitled to relief only if the state court decision was contrary to, or unreasonably applied, this law. *Williams v. Taylor*, 529 U.S. 362, 391 (2000).

Young's fourth ineffectiveness claim relates to counsel's failure to call Pete Owens as a witness at trial.[5] Young does not articulate why Owens should have been called, but construing his petition liberally and reviewing the claims he raised in his PCRA petition, Owens would have testified regarding the ownership of the keys to the safe in which drugs were recovered by police. Young believes Owens should have been called to refute evidence of constructive possession.

The PCRA court found Young's claim without merit because Owens's testimony would have been duplicative of four other witnesses who testified Young had access to both the apartment and the safe. The PCRA court relied on Pennsylvania law reflecting the prejudice analysis of the *Strickland* test. The decision was not contrary to, or an unreasonable application of, *Strickland*.[6] Young's fourth ineffectiveness claim is without merit.

---

[5] *See* Petr.'s Br. 14. Young lists counsel's failure to call Owens as his "first claim" even though he had already listed three other ineffectiveness claims. The Court will address each ineffectiveness claim in the sequence it appears in Young's brief. Young's argument regarding trial counsel's failure to call Owens was his fourth ineffectiveness claim.

[6] In a May 16, 2006 PCRA opinion, the state court listed five elements required to establish an ineffectiveness claim for failure to call a witness. Young must establish: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel otherwise should have known of him; (4) the witness was prepared to cooperate and testify for appellant at trial; and (5) the absence of the testimony prejudiced appellant so as to

Young's fifth ineffectiveness claim relates to counsel's alleged failure to raise the illegality of his sentence for possession with intent to deliver. The Superior Court found Young's sentencing challenge meritless in its May 16, 2006 opinion, based on *Commonwealth v. Whitmore*, 860 A.2d 1032, 1037 (Pa. Super. 2004). "Only in extraordinary and compelling circumstances should a federal district court in a habeas corpus case decline to follow the opinions of a state intermediate court of appeal with respect to state law rendered in earlier proceedings involving the petitioner." *Johnson v. Rosemeyer*, 117 F.3d 104, 115 (3d Cir. 1997) (affirming the district court's denial of the writ of habeas corpus despite the petitioner's plausible argument the state appellate court erred in constructing a state criminal statute because the "extraordinary and compelling circumstances" standard is so exacting). No extraordinary or compelling circumstances are raised in Young's petition nor does the record show any such circumstances. Young's fifth claim is without merit.

Construing Young's petition liberally, his sixth ineffectiveness claim arises from appellate counsel's alleged failure to challenge the effectiveness of trial counsel during his 1997 Philadelphia trial. The Pennsylvania Superior Court found relief for this claim was unavailable under the PCRA because Young was not "currently serving a sentence of imprisonment, probation, or parole for the crime [which he is appealing.]" *See* May 16, 2006 Opinion at 9 (citing 42 Pa. C.S. § 9543 (a)(1)(I)). Young was no longer serving a sentence for the 1997 conviction. *Id.* at 10. Absent extraordinary and compelling circumstances, this Court must

---

deny him a fair trial. *See* May 16, 2006 Opinion at 11 (citing *Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa. Super. 2002), *appeal denied*, 818 A.2d 503 (Pa. 2003)). The Pennsylvania Superior Court found Young did not properly present his claim because Owens's affidavit was not attached to his PCRA petition, even though Owens's affidavit was attached to the petition. This error did not prejudice the defendant because Young still cannot prove the prejudice prong of the *Strickland* test.

10

follow a state court's determination of state law. *Johnson*, 117 F.3d at 115.    Young's claim must be rejected because no extraordinary and compelling circumstances are present.

Finally, Young challenges the sufficiency of the evidence presented at trial to support his conviction of possession with intent to deliver.    Young claims the Commonwealth failed to prove constructive possession of crack cocaine.    This Court must review all evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Orban v. Vaughn*, 123 F.3d 727, 731 (3d Cir. 1997) (internal quotation marks omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).    This standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law. *Id.*

Under Pennsylvania law, a person is guilty of possession with intent to deliver if he delivers or possesses a controlled substance and is not registered to do so by the appropriate state board.  35 Pa. C.S. § 780-113(30).   When contraband is not found on the defendant's person, constructive possession can be established by showing the defendant had "power to control the contraband and the intent to exercise that control." *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super. 1996).  "The fact that another person may have had control and access does not eliminate the defendant's constructive possession." *Id.*  "Constructive possession may be proved by circumstantial evidence," and "the requisite knowledge and intent may be inferred from examination of the totality of the circumstances." *Id.*

Reviewing the facts in the light most favorable to the prosecution, a rational trier of fact could have found Young guilty of possession with intent to deliver.  There was ample evidence to prove Young had constructive possession over the drugs found in the apartment.  The

evidence is sufficient such that a reasonable trier of fact could have found Young guilty of possession with intent to deliver. *Orban,* 123 F.3d at 731. Young's final claim must be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SIDNEY PATRICK YOUNG

**FILED**

CIVIL ACTION

v.

FEB 9 :20__

No. 07-5548

JOSEPH J. PIAZZA, et al.,

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

And now on this 19th day of February, 2009, upon careful and independent consideration of the petition for a writ of habeas corpus, it is hereby ORDERED:

    a.    The Report and Recommendation is ADOPTED.

    b.    Young's Petition for Writ of Habeas Corpus is DISMISSED.

    c.    Young's objections are OVERRULED.

    d.    No grounds exist for a certificate of appealability.

BY THE COURT:

_____
Juan R. Sánchez          J.

**ENTERED**

FEB 2 0 2009

**CLERK OF COURT**